UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

D<small>ABON</small> R<small>EED</small>,

        Plaintiff,        Case No. 1:20-cv-339

v.        Honorable Paul L. Maloney

U<small>NKNOWN</small> M<small>ERRIAN</small> et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Keith Sikkma. The Court will also dismiss for failure to state a claim Plaintiff's claims against Defendants Merrian and Wilson for First Amendment retaliation and equal protection violations. Plaintiff's claims against Merrian and Wilson for the use of excessive force in violation of the Eighth Amendment and Plaintiff's First Amendment retaliation claim against Defendant Cassle remain.

**Discussion**

I.   **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia County, Michigan. The events about which he complains occurred at that facility.

Plaintiff sues ICF Corrections Officers Unknown Merrian and Unknown Wilson; ICF Inspector Unknown Cassle; and ICF Registered Nurse Keith Sikkma.

Plaintiff alleges that on October 10, 2019, while being taken from the shower by Defendants Merrian and Wilson, Plaintiff turned to speak with Wilson. Merrian deemed Plaintiff's move to be a threat and Merrian and Wilson pulled back on Plaintiff's handcuffs, spraining Plaintiff's wrist. Plaintiff claims that Merrian and Wilson told Plaintiff "this is what happens when you jack off on wom[e]n in the MDOC, don't do it again or next time the outcome will be much worse." (Compl., ECF No. 1, PageID.3.) Plaintiff claims Merrian and Wilson also called him perverted and used a racial slur.

Plaintiff claims that Defendant Sikkma visited Plaintiff that same day to examine Plaintiff's wrist. But, Sikkma told Plaintiff that officers told Sikkma not to help Plaintiff, so Sikkma did not help Plaintiff.

Plaintiff filed a grievance against Merrian and Wilson. Defendant Cassle investigated the grievance. Cassle acknowledged that Merrian and Wilson may have used excessive force, but told Plaintiff that if he intended to pursue the matter further, Cassle would "give [Plaintiff] a case" and "bury [Plaintiff] in the MDOC." (Compl., ECF No. 1, PageID.3.)

Plaintiff claims that Merrian and Wilson violated Plaintiff's Eighth Amendment rights by their use of excessive force, Plaintiff's First Amendment right to be free of retaliation for protected conduct, and Plaintiff's Fourteenth Amendment right to equal protection. Plaintiff

2

claims that Defendant Sikkma was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment. Finally, Plaintiff claims that Defendant Cassle violated Plaintiff's Eighth Amendment rights as well; however, Plaintiff's allegations, construed liberally, implicate his First Amendment rights.

Plaintiff seeks $100,000.00 in damages, new headphones, a decrease in security level, and the expungement of all misconducts from his file.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.  Defendants Merrian and Wilson

#### A.  Eighth Amendment

Plaintiff alleges that Defendants Merrian and Wilson used excessive force, spraining Plaintiff's wrist, when they removed him from the shower. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim involving Defendants pulling on his handcuffs must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference

4

that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37-39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

The Court concludes that Plaintiff's Eighth Amendment allegations regarding the use of excessive force against Defendants Merrian and Wilson suffice to state a claim.

### B.      First Amendment retaliation

Plaintiff suggests that Defendants Merrian and Wilson use of excessive force was retaliatory for his prior sexual misconduct and, therefore, violates the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

5

ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's claim fails at the outset. He has not alleged that Merrian and Wilson retaliated against him because he was engaged in "protected conduct." He claims instead that they retaliated because of his prior sexual misconduct. Plaintiff's sexual misconduct cannot be characterized as conduct protected by the First Amendment. "'[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct' and cannot proceed beyond step one' of the three-step retaliation analysis." *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (quoting *Thaddeus-X*, 175 F.3d at 394). Accordingly, Plaintiff has failed to state a claim for First Amendment retaliation against Defendants Merrian and Wilson.

### C. Equal protection

Plaintiff suggests that Defendants discriminated against him on the basis of his race when they called him perverted while using a racial slur. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440. However, while a convicted prisoner does not forfeit all constitutional protections

by virtue of his confinement, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives – including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing, *inter alia*, *Turner v. Safley*, 482 U.S. 78, 84 (1987)).

To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* at 265-66. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011).

Plaintiff alleges that Merrian and Wilson called Plaintiff "nigger" and "perverted" when they informed him that continuing to commit sexual conduct in the presence of female MDOC staff would result in negative consequences. Plaintiff does not allege sufficient facts to support a claim that Defendants Merrian and Wilson intentionally discriminated against him on the basis of his race by either direct or indirect evidence. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012) (discussing the distinction between direct and indirect methods of proving discrimination).

With respect to direct evidence, the Court notes that the mere fact that Defendants called Plaintiff a racial slur on a single occasion is insufficient to show purposeful discrimination.

7

Isolated use of racially derogatory terms does not in and of itself constitute direct discrimination. *See LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 380 (6th Cir. 1993). That is particularly true here, where the principal factual allegations against these Defendants if true, point to a conclusion that Defendants were angry with Plaintiff for committing sexual misconduct in the presence of female MDOC employees. Without more, these Defendants' single use of a racial slur does not support a finding that they acted against Plaintiff because of Plaintiff's race.

In addition, Plaintiff fails to allege a *prima facie* claim under the indirect, burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), because he does not allege that these Defendants offered different treatment to a white inmate who was similarly situated in all relevant respects. *See Umani*, 432 F. App'x at 458. To be a similarly-situated person member of another class, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it.'" *Umani*, 432 F. App'x at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). Plaintiff makes no allegations regarding Defendant Merrian's or Defendant Wilson's treatment of other inmates; therefore, Plaintiff fails to state an equal protection claim against them.

**IV.    Defendant Sikkma**

Plaintiff contends that Defendant Sikkma's failure to treat Plaintiff's sprained wrist violated his Eighth Amendment rights. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the

8

serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations suffice to show that, whatever actions Defendant Sikkma declined to take, he declined to take them deliberately. Thus, Plaintiff has adequately alleged the

9

subjective element. But, Plaintiff has not alleged facts that support the inference that his wrist sprain rose to the level of a serious medical need. Plaintiff alleges nothing to show that his wrist injury was anything but minor. Accordingly, he has failed to state a "deliberate indifference" claim against Defendant Sikkma.

## V.     **Defendant Cassle**

Plaintiff alleges that Defendant Cassle violated Plaintiff's Eighth Amendment rights when Cassle threatened to give Plaintiff "a case" and "bury him." Plaintiff's allegations suggest that Cassle would file a false misconduct report against Plaintiff unless Plaintiff dropped the grievance. The consequences that follow from a disciplinary misconduct determination, however, do not rise to the level of an Eighth Amendment violation.

To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Conditions of confinement that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation, the most severe misconduct punishment, is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is clear that Plaintiff might be denied certain privileges as a result of placement in segregation, he does not allege or show that he would be denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs are not met, the denial of privileges as a result of segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiff

10

cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury.  *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795.  As a result, Plaintiff fails to state an Eighth Amendment claim against Defendant Cassle for his threats.

Nonetheless, Plaintiff's allegations against Defendant Cassle suffice to state a claim for First Amendment retaliation.  The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith*, 250 F.3d at 1037; *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  The loss of privileges attendant to a misconduct determination—or even the threat of such a loss—amounts to adverse action.  *Maben v. Thelen*, 887 F.3d 252, 266-67 (6th Cir. 2018) (quoting *Hill v. Lapin*, 630 F3d 468, 474 (6th Cir. 2010) (holding that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse")).  And, Plaintiff's allegations indicate that Cassle threatened the adverse action for the stated purpose of stopping the protected conduct.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Sikkma will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendants: Plaintiff's First Amendment retaliation and equal protection claims against Defendants Merrian and Wilson; and Plaintiff's Eighth Amendment claim against Defendant Cassle.  Plaintiff's Eighth Amendment excessive force claim against Defendants Merrian and Wilson and his First Amendment retaliation claim against Defendant Cassle remain in the case.

An order consistent with this opinion will be entered.

Dated:   May 1, 2020                               /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge